**In the Matter of WAYCO,
INCORPORATED,
Debtor.**

**Appeal of Clifton G. OWENS, Trustee of
Bankruptcy of Wayco Incorporated.**

**No. 90–1326.**

United States Court of Appeals,
Seventh Circuit.

Argued April 10, 1991.

Decided Nov. 14, 1991.

Jack U. Shlimovitz, Dayten P. Hanson, Jeffrey D. Nordholm (argued), Ludwig & Shlimovitz, Milwaukee, Wis., for appellant.

John L. Becker (argued), Becker & Phillips, Brookfield, Wis., for Becker & Phillips.

Before BAUER, Chief Judge, COFFEY, Circuit Judge, and WILL, Senior District Judge.*

COFFEY, Circuit Judge.

Appellant Clifton G. Owens, trustee of the bankruptcy estate of Wayco, Inc., appeals a grant of summary judgment in favor of appellee Becker & Phillips. The district court ruled that security deposits provided by tenants to the debtor/landlord (Wayco, Inc.), now held in the appellee's separate trust account, do not constitute property of the bankruptcy estate. We affirm.

I.

Bankruptcy trustee Clifton G. Owens seeks funds held by Becker & Phillips, attorneys for the debtor, Wayco, Inc. ("Wayco"). Wayco had been engaged in business as a residential landlord and had several properties which it owned and leased in Milwaukee, Wisconsin. The fund held by Becker & Phillips consists of approximately $9,010 turned over to Wayco as security deposits by its former tenants. Wayco was to apply each security deposit toward nonpayment of rents and for any damages caused by the respective tenants to the premises during the lease period. The security deposit fund was segregated and separately maintained by Wayco and not used in the course of its business.[1] On December 7, 1984, Wayco deposited the security deposits with Becker & Phillips, who in turn placed the funds in a trust account. The record does not state the reason for Wayco's turnover of the security deposits to Becker & Phillips.

On January 23, 1985, Barron County Savings and Loan Association commenced a foreclosure action in the Circuit Court of Milwaukee against Wayco's rental properties and requested the appointment of a receiver. Subsequently, an involuntary Chapter 7 bankruptcy was commenced against Wayco on February 13, 1985. On May 29, 1985, a judgment of foreclosure was entered in favor of Barron County Savings and Loan Association against Wayco's rental properties in state court proceedings.[2] On September 19, 1985, the court ordered relief against Wayco with retroactive effect to February 13, 1985. Becker & Phillips has retained the $9,010 in a segregated trust account at the suggestion of the Bankruptcy court.

The trustee commenced this action to recover the security deposit fund, and the Bankruptcy court determined that under

---

* The Honorable Hubert L. Will, Senior Judge for the Northern District of Illinois, sitting by designation.

1. The record fails to disclose whether there are any claims pending for damages allegedly caused by any of the former tenants or claims for unpaid rent.

2. The bankruptcy court granted the bank's motion to lift the automatic stay in regard to the foreclosure procedure.

Wisconsin law, the funds were held in a statutory trust by the debtor Wayco exclusively for the tenants, and furthermore that the security deposit fund did not constitute property of the bankruptcy estate. The district court affirmed and the trustee appeals.

## II.

The issue is whether the tenants required security deposits for damages and unpaid rents for the leased property, held in a segregated and separately maintained trust account, constitute property of the bankruptcy estate. Neither party cites any case law directly addressing the issue nor has our research revealed any. Nonetheless, the trustee argues that the tenant security deposit fund constitutes property of the estate within the meaning of 11 U.S.C. § 541 of the Bankruptcy Code. Section 541(a)(1) provides in pertinent part that the estate is comprised of, with certain exceptions, "all legal or equitable interests of the debtor *in property* as of the commencement of the case." (Emphasis added). The trustee contends that "the debtor had legal title to the funds" because the security deposits were intended to secure performance under the lease agreements and thus, that the security deposits are part of the bankruptcy estate.

To determine whether Wayco had a property interest in the security deposits, we look to Wisconsin law:

"Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.

"Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."

*Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Under Wisconsin law, in order for a land-lord to acquire an ownership interest in any security deposits he or she must 1) be able to demonstrate

"tenant damage, waste or neglect of the premises, or the nonpayment of:

1. Rent for which the tenant is legally responsible, subject to s. 704.29, Stats.

2. Actual amounts owed for utility service provided by the landlord under the terms of the rental agreement and not included in the rent.

3. Actual amounts owed by the tenant for direct utility service provided by a government-owned utility, to the extent that the landlord becomes liable for the tenant's nonpayment.

4. Mobile home parking fees assessed against the tenant by a local unit of government under s. 66.058(3), Stats., to the extent that the landlord becomes liable for the tenant's nonpayment."

and 2) have "deliver[ed] or mail[ed] to the tenant a written statement accounting for all amounts withheld." Wis.Admin.Code § Ag. 134.06(3) & (4) (May, 1980), as promulgated by Wis.Stats. § 100.20(2) (1985–86). In the instant case, we view the segregated and separate funds (security deposits) as deposits made pursuant to a contractual agreement between the lessor and the lessees whereby the lessees deposit a sum of money in the nature of a trust deposit[3] with the landlord or his agent to secure payments that may become due in case of default of rent payment or damage to the premises under Ag. § 134.06. *Cf.* 52 C.J.S. Landlord and Tenant § 472(2) (1968) ("the title to money deposited with the landlord as security ... remains in the tenant, subject to the terms and conditions of the lease, and the landlord has a lien on the deposit for the amounts which become due under the covenants of the lease.") Under the tenant/landlord contract, as governed by Wisconsin law, the landlord must return the full deposit to the tenant within 21 days after the lease ends unless the tenant owes funds to the landlord pursuant to the terms

---

3. A trust deposit is where money is deposited to be kept intact and not commingled with other funds or properties and is to be returned in kind to the depositor or devoted to a particular purpose or requirement of the depositor or payment of a particular debt or obligation of the depositor. Black's Law Dictionary 1513 (6th ed. 1990).

of Ag. § 134.06—title to the security deposit remains in the tenant until such time as the landlord incurs a compensable loss under the statute. Both parties agree that the trustee has failed to demonstrate that Wayco has incurred "tenant damage, waste or neglect of the premises or the nonpayment of [funds]" under Ag. § 134.06(3) or that it has provided tenants "written statement[s] accounting for all amounts withheld" pursuant to Ag. § 134.06(4). Thus, Wayco has no property interest in the security deposits. It is well settled that a trustee in bankruptcy succeeds to interest no greater than the debtor at the commencement of the case, S.Rep. No. 989, 95th Cong., 2nd Sess. 82, *reprinted in* U.S.Code Cong. & Admin.News 5787, 5868, and because title to the funds remains in the tenants, we agree with the district court that the security deposit fund is not part of the bankruptcy estate. The decision of the district court is

AFFIRMED.